**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**Pittsburgh Division**

WILLIAM HANNUM, *et al.,*                )
                                         )
    Plaintiffs,                           )
                                         )
v.                                       )        Civil Action No. 2:21-cv-00997-CB
                                         )
THE RETAIL EQUATION, INC.,  *et al.*,    )
                                         )
    Defendants.                           )

**MEMORANDUM IN SUPPORT OF DEFENDANT**
**THE RETAIL EQUATION, INC.'S RULE 12(b)(2) MOTION TO DISMISS**

Defendant The Retail Equation, Inc. ("TRE"), by counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(2), moves this Court to dismiss the claims of Plaintiffs William Hannum, Olga Maryamchik, Victoria Caruso-Davis, and Susana Guevara (the "Non-PA Plaintiffs") for lack of personal jurisdiction.

**INTRODUCTION**

This Court lacks personal jurisdiction over TRE relating to four of the five Plaintiffs.  No general personal jurisdiction exists as TRE is not incorporated in nor has its principal place of business in Pennsylvania.   And the Non-PA Plaintiffs cannot establish specific personal jurisdiction either.  Indeed, the Non-PA Plaintiffs do not reside within the state and their return activities at issue in the Complaint did not occur in Pennsylvania.  Consequently, their claims could not plausibly "arise out of or relate to" TRE's alleged activities within Pennsylvania.  Without such connection, this Court lacks personal jurisdiction over TRE and the Non-PA Plaintiffs' claims must be dismissed.

## RELEVANT FACTUAL ALLEGATIONS

Plaintiffs seek to represent a proposed nationwide class against TRE and nine other defendants[1] arising from those defendants' alleged use of TRE's return authorization software. *See* Compl. ¶¶ 1, 32, 101.[2]  TRE provides a Software-as-a Service ("SaaS") solution that uses statistical modeling and analytics to detect fraudulent and abusive behavior when returns are processed at a retailer's return counter. *See Id*. ¶¶ 19, 32.  TRE licenses that solution to each of its retailer customers to help retailers prevent potentially fraudulent returns.  Plaintiffs' claims center around a Retail Defendant allegedly denying his or her return or exchange, or flagging the return or exchange noting that future attempts to return or exchange merchandise would be declined.  *Id*. ¶¶ 48, 60, 73, 86.

Plaintiffs reside in different states and each allegedly attempted their return or exchange at a different Retail Defendant.  Only one of the named Plaintiffs (Frederick) is a resident of Pennsylvania.  *Id*. at ¶ 50.  The remaining Non-PA Plaintiffs (Hannum, Maryamchik, Caruso-Davis and Guevara) reside in West Virginia, New York, New Jersey, and Virginia, respectively.  *Id*. at ¶¶ 38, 62, 75, 88.  None of the named Plaintiffs allege in which jurisdiction they attempted their purported "return or exchange." *See id*. at ¶¶ 39, 51, 63, 76, 89.  None specifically allege they attempted their return or exchange in Pennsylvania and, in fact, none of the Non-PA Plaintiffs' transactions occurred in Pennsylvania:

---

[1] The co-defendants are Advance Auto Parts, Inc., Advance Stores Company, Inc., Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Stores, L.P., Buy Buy Baby, Inc., Caleres, Inc., BG Retail, LLC, and Dick's Sporting Goods (collectively, the "Retail Defendants").

[2] Plaintiffs were originally named in a similar putative class action filed against TRE and the Retail Defendants in the United States District Court for the Central District of California.  *Hayden v. The Retail Equation, Inc.*, No. 8:20-cv-01203 (C.D. Cal.) ("*Hayden*").  Plaintiffs dismissed their claims against the Retail Defendants in *Hayden* on or about August 6, 2021 after filing this matter on July 27, 2021.  *Hayden* remains pending against TRE and other retailers.

1. Plaintiff Hannum (West Virginia resident) alleges he attempted his return or exchange at Advance Auto Parts. *Id*. at ¶ 39. The transaction occurred in Point Pleasant, West Virginia. Decl. ¶ 10.[3]

2. Plaintiff Maryamchik (New York resident) alleges she attempted her return or exchange at Buy Buy Baby. *Id*. at ¶ 63. The transaction occurred in Secaucus, New Jersey. Decl. ¶ 11.

3. Plaintiff Caruso-Davis (New Jersey resident) alleges she attempted her return or exchange at Famous Footwear.[4] *Id*. at ¶ 76. The transaction occurred in South Plainfield, New Jersey. Decl. ¶ 12.

4. Plaintiff Guevara (Virginia resident) alleges she attempted her return or exchange at Dick's Sporting Goods. *Id*. at ¶ 89. The transaction occurred in Fairfax, Virginia. Decl. ¶ 13.

The Retail Defendants likewise are incorporated in and have their principal place of business in various states around the county. Only one of the Retail Defendants (Dick's Sporting Goods, Inc.) has its headquarters in Pennsylvania. Compl. at ¶ 15. The remaining Retail Defendants are incorporated in and have their headquarters outside of Pennsylvania:

1. Advance Auto Parts, Inc. is a Delaware corporation with its principal place of business in North Carolina. *Id*. at ¶ 11. Advance Stores Company, Inc. is a Virginia corporation with its principal place of business in Virginia. *Id*.

2. Best Buy Co., Inc. is a Minnesota corporation with its principal place of business in Minnesota. *Id*. at ¶ 12. Best Buy Purchasing LLC is a Minnesota limited liability

---

[3] TRE's Declaration in Support of The Retail Equation, Inc.'s Rule 12(b)(2) Motion to Dismiss is attached to TRE's Motion to Dismiss.
[4] Plaintiffs allege "Famous Footwear is a division of Caleres." Compl. ¶ 14.

3

company with its principal place of business in Minnesota.  *Id.*  Best Buy Stores, L.P. is a Virginia limited partnership with its principal place of business in Minnesota.  *Id.*

3. Buy Buy Baby, Inc. is a Delaware corporation with its principal place of business in New Jersey.  *Id.* at ¶ 13.

4. Caleres, Inc. is a New York corporation with its principal place of business in Missouri.  *Id.* at ¶ 14.

Despite the lack of any connection to Pennsylvania, the Non-PA Plaintiffs attempt to hale TRE into this Court.  An analysis of TRE's involvement and contacts with Pennsylvania (or lack thereof) evidence that the assertion of personal jurisdiction over TRE does not comport with due process.  The following outlines other pertinent facts related to TRE's Motion:

1. TRE is incorporated in Delaware and has its principal place of business and headquarters in Irvine, California.  *Id.* at ¶ 16.

2. TRE does not lease any offices in Pennsylvania.  Decl. ¶ 5.

3. TRE does not own any real property in Pennsylvania.  Decl. ¶ 6.

4. TRE has no officers or directors in Pennsylvania.  Decl. ¶ 7.

5. TRE has one employee in Pennsylvania.  Decl. ¶ 8.

6. TRE has no data centers relevant to its return authorization software in Pennsylvania. Decl. ¶ 9.

## LEGAL STANDARD

"Rule 12(b)(2) requires a court to dismiss a case when it lacks personal jurisdiction over a defendant."  *Lilja v. J & B Imps., Inc.*, No. 2:20-cv-1158, 2021 U.S. Dist. LEXIS 24645, at *2 (W.D. Pa. Jan. 4, 2021) (citing Fed. R. Civ. P. 12(b)(2)).  "Where a defendant challenges the exercise of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure,

4

'plaintiff bears the burden of proving the facts necessary to establish the minimum contacts the Constitution requires.'" *PharMercia Corp. v. Sturgeon*, No. 2:16cv1481, 2017 U.S. Dist. LEXIS 50850, at \*5–6 (W.D. Pa. Apr. 4, 2017) (quoting *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993)); *see also Stubbs v. Collins*, No. 08cv1567, 2010 U.S. Dist. LEXIS 17984, at \*3 (W.D. Pa. Mar. 1, 2010) ("Once a defendant has raised a lack of personal jurisdiction defense, the burden shifts to the plaintiff to prove that jurisdiction exists in the forum state."). Although the Court accepts the plaintiff's allegations as true in a motion to dismiss for lack of personal jurisdiction, a plaintiff "may not rest solely on the pleadings to satisfy its burden." *Id*. (citing *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992)). Rather, a plaintiff must present "sworn affidavits or other competent evidence that demonstrates with reasonable particularity a sufficient nexus between the defendant and forum state in order to support jurisdiction." *PharMercia Corp.*, 2017 U.S. Dist. LEXIS 50850, at \*6 (citations omitted); *see also Alcantarilla v. State Farm Mut. Auto. Ins. Co.*, No. 2:15-cv-1155, 2015 U.S. Dist. LEXIS 167623, at \*6 (W.D. Pa. Dec. 15, 2015) ("Rather than relying on the general averments in the pleadings, the plaintiff must establish those contacts with reasonable particularity.").

## ARGUMENT

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014); *see also Enter. Rent-A-Car Wage & Hour Empl. Practices Litig. v. Enter. Rent-A-Car Co.*, 735 F. Supp. 2d 277, 307 (W.D. Pa. 2010) ("In cases where subject-matter jurisdiction is based upon a federal question arising under a statute and that statute is silent regarding service of process, . . . a federal district court may exercise personal jurisdiction over a nonresident defendant to the extent authorized by the law of the forum state in which it sits."). As such, this Court may exercise jurisdiction over

5

nonresident defendants to the extent provided under Pennsylvania law.  Pennsylvania's long-arm statute is coextensive with the due process analysis under the United States Constitution. *Nationwide Prop. & Cas. Ins. Co. v. Rockford Commer. Warehouse*, No. 2:18-cv-01458, 2020 U.S. Dist. LEXIS 74182, at \*6 (W.D. Pa. Apr. 28, 2020).  "The Due Process Clause . . . only authorizes a court to exercise personal jurisdiction if a defendant purposefully established minimum contacts that have a substantial connection with the forum." *Lilja*, 2021 U.S. Dist. LEXIS 24645, at \*4 (citations omitted).  Minimum contacts can be established "through either of two theories of personal jurisdiction: general or specific." *Id*.  Plaintiffs cannot satisfy their burden of proving either exists with respect to the Non-PA Plaintiffs' claims against TRE.

### A.  None of the Plaintiffs plead (or can plead) general jurisdiction over TRE.

Courts have been *extremely* reluctant to find a party subject to general personal jurisdiction, and there can be no such showing here.  Indeed, "[b]ecause of the expansive scope of general jurisdiction, the requirements for finding it are more demanding." *Smith v. NMC Wollard, Inc.*, No. 19-5101, 2020 U.S. Dist. LEXIS 72324, a \*5 (E.D. Pa. Apr. 24, 2020).

That principle was unanimously reaffirmed by the Supreme Court in *Daimler*, where the Court confirmed merely conducting business in a forum, even very substantial and systematic business, is insufficient to support general personal jurisdiction.  The Supreme Court made clear a corporation is not "at home" in "every state in which [it] engages in a substantial, continuous, and systematic course of business[.]" 571 U.S. at 138 (internal quotation marks omitted).  Rather, the court explained "[w]ith respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Id*. at 137 (citation and internal quotation marks omitted).

6

The Court did not "foreclose the possibility that in an exceptional case . . . a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Id*. at 139 n.19.  But the Court concluded even considering both MBUSA's and Daimler AG's business activities in California – including the tens of thousands of vehicles that MBUSA sells in California, its regional headquarters, and its statewide service and sales support – was insufficient to find general personal jurisdiction.  The contacts "plainly do not approach th[e] level" of exceptional in-forum conduct that could subject it to general personal jurisdiction.  *Id*.; *see also Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 564 (3d Cir. 2017) ("[I]t is 'incredibly difficult to establish general jurisdiction [over a corporation] in a forum *other* than the place of incorporation or principal place of business.'") (citation and internal quotation marks omitted).

Based on *Daimler*, this Court plainly cannot exercise general personal jurisdiction over TRE.  Plaintiffs correctly plead TRE is incorporated in Delaware and has its principal place of business in California, thus "paradigm bases for general jurisdiction" are located outside of Pennsylvania.  *See* Compl. ¶ 16.  This is also certainly not the "exceptional case" where TRE's operations in Pennsylvania are "so substantial and of such a nature as to render [TRE] at home in [Pennsylvania]." *Daimler*, 571 U.S. at 139 n.19.  Beyond the single conclusory allegation that "[t]his Court has personal jurisdiction over all Defendants because they are authorized to do business and regularly conduct business in Pennsylvania" – which must be disregarded – Plaintiffs' Complaint offers no other allegations to support the exacting standard set out in *Daimler*.  Compl. ¶ 9.  Based on the above, Plaintiffs  have not and cannot satisfy their burden that this Court has general personal jurisdiction over TRE.

**B.   The Non-PA Plaintiffs have not established specific jurisdiction over TRE.**

Lacking any possible basis for a claim of general personal jurisdiction, Plaintiffs must rely on specific personal jurisdiction.  "Specific jurisdiction exists where the 'cause of action is related to or arises out of the defendant's contacts with the forum[.]'"  *Ashcraft v. DM Equip.*, No. 13-726, 2013 U.S. Dist. LEXIS 183262, at *7–8 (W.D. Pa. Nov. 20, 2013) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003)).  In analyzing specific jurisdiction, "the court must undertake a three-part inquiry": (1) "the court must determine whether the defendant has 'purposefully directed' its activities toward the forum state"; (2) "the litigation must 'arise out of or relate to' at least one of those activities"; and (3) "if the plaintiff has established the first two elements, only then does the court proceed to the third party of the inquiry – whether the defendant's contacts with the forum state are such that maintenance of the action 'does not offend traditional notions of fair play and substantial justice.'"  *Id*. at *8–9 (citations omitted).

Importantly, this Court must conduct the specific personal jurisdiction inquiry separately for the claims of *each* named plaintiff.  *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017) ("The mere fact that *other* plaintiffs . . . allegedly sustained the same injuries as did the nonresidents[] does not allow the State to assert specific jurisdiction over the nonresidents' claims."); *Liggins v. Abbvie Inc.*, 164 F. Supp. 3d 1040, 1047 (N.D. Ill. 2016) ("[E]very plaintiff would . . . have to show that his claims arise from, or are related to, defendants' conduct in [the forum state].").  In cases like the present, where both a resident of the forum state and non-residents are plaintiffs, the Court must analyze whether it has jurisdiction over each plaintiff.  In other words, jurisdiction over the non-resident plaintiffs does not simply exist because a resident plaintiff alleges similar claims in the same action.  *Horowitz v. AT&T Inc.*, No. 3:17-cv-4827, 2018 U.S. Dist. LEXIS 69191, at *45 (D.N.J. Apr. 25, 2018) ("[A] court does not have

specific jurisdiction over individual claims asserted by nonresident named plaintiffs because there is no connection between their claims and the corporation's activities within the forum, even if those claims are similar or identical to claims brought in the same case by a resident named plaintiff against the same defendant.") (citing cases); *Chernus v. Logitech, Inc.*, No. 17-673, 2018 U.S. Dist. LEXIS 70784, at*17–18 (D.N.J. Apr. 27, 2018) (dismissing one non-resident plaintiff's claims in putative class case for lack of specific personal jurisdiction); *Wiggins v. Bank of Am.*, 488 F. Supp.3d 611, 621–623 (S.D. Ohio 2020) (dismissing two non-resident plaintiffs' claims in putative class case for lack of specific personal jurisdiction).  Here, it is evident this Court lacks specific personal jurisdiction over TRE as to the Non-PA Plaintiffs' claims.

As a starting point, "[a] non-resident [] may not invoke the long-arm statute of Pennsylvania to obtain jurisdiction over another non-resident in this court." *Cabot Corp. v. Niotan, Inc.*, No. 08-CV-01691, 2011 U.S. Dist. LEXIS 113560, at *30 (E.D. Pa. Sept. 30, 2011).  Yet that is exactly what the Non-PA Plaintiffs attempt to do here.  Plaintiffs can point to no legitimate interest Pennsylvania would have in adjudicating a dispute involving *non*-Pennsylvania residents, a *non*-Pennsylvania corporation, and purported returns and exchanges that occurred *outside* of Pennsylvania that are not governed by any specific Pennsylvania law.

Personal jurisdiction is also improper because the Non-PA Plaintiffs' claims against TRE did not arise out of any contacts TRE may have had with Pennsylvania.  To be clear, the Non-PA Plaintiffs reside in West Virginia, New York, New Jersey, and Virginia.  Compl. ¶¶ 38, 62, 75, 88. None of the Non-PA Plaintiffs' alleged returns or exchanges at issue were made in Pennsylvania. *See* Decl. ¶¶ 10–13.  The Complaint does not identify any connection *at all* between the Non-PA Plaintiffs and Pennsylvania.  *See generally* Compl.  Bottom line, the Non-PA Plaintiffs do not (and cannot) allege that their claims "arise out of or relate to" TRE's alleged activities within

Pennsylvania.  *See, e.g., Barton v. Portfolio Recovery Assocs., LLC*, No. 2:20-cv-464, 2020 U.S. Dist. LEXIS 133372, at *9–10 (W.D. Pa. July 28, 2020) (holding court cannot exercise specific jurisdiction over defendant because plaintiff "did not plead any facts demonstrating his claims were caused by any acts of [the defendant] that occurred in or were directed at the Western District [of Pennsylvania]"; plaintiff "does not allege that he had any contact with [the defendant] in the Western District").

Exercising jurisdiction over TRE with respect to the Non-PA Plaintiffs' claims would likewise offend "traditional notions of fair play and substantial justice."  "Factors courts may consider when evaluating this issue include the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies." *Wash. Cty. Family Entm't, LLC v. Roberts*, No. 17-892, 2018 U.S. Dist. LEXIS 111708, at *15–16 (W.D. Pa. July 5, 2018) (citing *Carteret Sav. Bank, F.A.*, 954 F.2d at 150).  Those factors counsel in favor of dismissing the Non-PA Plaintiffs' claims against TRE.  For instance, as shown above, there is no relationship between the Non-PA Plaintiffs' claims against TRE and Pennsylvania.  Further, neither TRE nor the Non-PA Plaintiffs reside in Pennsylvania.  The parties therefore would be required to travel potentially thousands of miles to the forum state.  "As it would be a burden on [TRE] to be subject to jurisdiction in this district, Pennsylvania's interest in the adjudication of this case is tenuous, and there is no compelling argument for [the Non-PA] Plaintiff[s] to obtain convenient and effective relief in this district, the factors weigh against the Court's exercise of jurisdiction over [TRE]." *Guidecraft, Inc. v. OJCommerce, LLC*, No. 2:18-CV-01247, 2019 U.S. Dist. LEXIS 84471, at *16 (W.D. Pa. May 20, 2019).  It would be

10

fundamentally unfair to subject TRE to specific personal jurisdiction for the Non-PA Plaintiffs' claims in Pennsylvania.  Their claims must therefore be dismissed.

## CONCLUSION

For the foregoing reasons, TRE respectfully requests that the Court: (1) grant its Motion to Dismiss; (2) dismiss the claims of Plaintiffs William Hannum, Olga Maryamchik, Victoria Caruso-Davis, and Susana Guevara against TRE for lack of personal jurisdiction; and (3) grant any further relief the Court may deem appropriate.

Dated: December 17, 2021              Respectfully submitted,

                                       TROUTMAN PEPPER HAMILTON SANDERS LLP

                                       */s/Michael G. Connelly*
                                       Michael G. Connelly (Pa. ID No. 79991)
                                       Union Trust Building
                                       501 Grant Street, Suite 300
                                       Pittsburgh, PA 15219-4429
                                       Phone: (412) 454-5000
                                       michael.connelly@troutman.com

                                       *Counsel for The Retail Equation, Inc.*

11

## **CERTIFICATE OF SERVICE**

I certify that the foregoing Memorandum in Support of Rule 12(b)(2) Motion to Dismiss was served this 17th day of December 2021 upon all counsel of record via the Court's ECF filing system.

*/s/ Michael G. Connelly*
*Counsel for The Retail Equation Inc.*