**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM HANNUM, SEAN FREDERICK, OLGA MARYAMCHIK, VICTORIA CARUSO-DAVIS, SUSANA GUEVARA, individually and on behalf of all others similarly situated, <br><br>        Plaintiffs, <br><br>     v. <br><br> THE RETAIL EQUATION, INC., APPRISS INC., ADVANCE AUTO PARTS, INC., ADVANCE STORES COMPANY, INCORPORATED, BEST BUY CO., INC., BEST BUY PURCHASING LLC, BEST BUY STORES, L.P., BUY BUY BABY, INC., CALERES, INC., BG RETAIL, LLC, and DICK'S SPORTING GOODS, INC., <br><br>        Defendants. | Civil Action No. 2:21-CV-00997-CB |

**PLAINTIFFS' RESPONSE TO NON-PENNSYLVANIA**
**DEFENDANTS' JOINT MOTION TO DISMISS**

Defendants Advance Auto Parts, Inc., Advance Stores Company, Incorporated, Best Buy

Co., Inc., Best Buy Purchasing LLC, Best Buy Stores, L.P., Buy Buy Baby, Inc., Caleres, Inc., and

BG Retail, LLC, have moved for dismissal of the Complaint (ECF No. 1) with prejudice as to

Plaintiffs William Hannum, Sean Frederick, Olga Maryamchik, Victoria Caruso-Davis, and

Susana Guevara (collectively "Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(2)

for lack of personal jurisdiction.

Plaintiffs do not oppose the Motion to Dismiss filed by Defendants Advance Auto Parts,

Inc., Advance Stores Company, Incorporated, Best Buy Co., Inc., Buy Buy Baby, Inc., Caleres,

Inc., and BG Retail, LLC provided such dismissal is without prejudice to re-file the action in a different venue, and without waiving any future right to assert jurisdiction. Defendants moved to dismiss this action for lack of personal jurisdiction. On December 22, 2021 – five days after Defendants filed their Motion to Dismiss – the Supreme Court of Pennsylvania issued an opinion that permitting Pennsylvania's mandatory registration statute (42 Pa. C.S. § 5301(a)(2)) to serve as a basis for establishing consent to personal jurisdiction in the Commonwealth violated the Due Process Clause of the Fourteenth Amendment. *See Mallory v. Norfolk S. Ry. Co.*, No. 3 EAP 2021, --- A.3d ----, 2021 WL 60671712, at *21 (Pa. Dec. 22, 2021). Given this recent change in precedent regarding the reach of personal jurisdiction in Pennsylvania, at this time Plaintiffs do not oppose the dismissal of this action pursuant to Fed. R Civ. P. 12(b)(2), provided such dismissal is without prejudice to re-file the action in a different venue, without waiving any future right to assert jurisdiction, and does not apply to Best Buy Purchasing LLC ("Best Buy Purchasing") and Best Buy Stores, L.P ("Best Buy Stores") (collectively, "the Best Buy PA Defendants")

Pennsylvania Plaintiff Sean Frederick opposes the dismissal of the Best Buy PA Defendants. As set forth below, this Court may exercise jurisdiction over the Best Buy PA Defendants because Plaintiff Frederick is a Pennsylvania resident, his claims arise out of a purchase and rejected return or exchange in a Pennsylvania store, and his personal information was collected in and transmitted from Pennsylvania. Accordingly, the Best Buy PA Defendants purposefully directed their activities towards, and Plaintiff Frederick's claims arise from their contacts with, Pennsylvania.

## I.     FACTUAL BACKGROUND

As alleged in the Complaint, Plaintiff Frederick resides in Allison Park, Pennsylvania, and on March 19, 2018, he attempted to return or exchange merchandise previously purchased from a

Best Buy store in Pennsylvania. (Compl., ¶¶ 50-51.) At the time Plaintiff Frederick attempted his return or exchange, the Best Buy sales associate entered Plaintiff Frederick's identifying information into its computer system, which was transmitted to The Retail Equation, Inc. ("TRE") without Plaintiff Frederick's knowledge. (*Id.* ¶¶ 53-55.) TRE collects data from more than 34,000 retail stores that subscribe to its services. (*Id.* ¶ 18.) This information includes consumers' transaction data, along with personal identifying information on their driver's licenses, government-issued ID cards, or passports. (*Id.* ¶¶ 22-23.) TRE used the identifying and transaction information it collected from Plaintiff Frederick to create a "risk score" regarding his attempted return or exchange. (*Id.* ¶¶ 56-61.) TRE's risk score identified Plaintiff Frederick's attempted return or exchange as fraudulent, and Best Buy rejected his return based on TRE's determination. (*Id.*)

The Best Buy retail stores located in Pennsylvania are operated by the Best Buy subsidiary, Best Buy Stores, which is a Virginia limited partnership, with a principal place of business in Richfield, Minnesota. (Declaration of Hannah Olson in Support of Motion to Compel Arbitration and, in the Alternative, Joint Motion to Dismiss First Amended Class Action Complaint for Lack of Personal Jurisdiction and Similar Grounds ("Olson Decl.") ¶¶ 4, 8.)  Best Buy Purchasing is also a Best Buy subsidiary incorporated and principally located in Minnesota. (*Id.* ¶ 6.) Best Buy Purchasing provides corporate services, such as purchasing support and contract management, for its "affiliated sister companies" (e.g., Best Buy Stores). (*Id.* ¶¶ 5-8.) Indeed, as verified by counsel, Best Buy Purchasing is the signatory to the operative contract with TRE that authorized Plaintiff Frederick's data to be transferred to TRE when he attempted to return or exchange merchandise at the Pennsylvania Best Buy store.

## II.    **LEGAL STANDARD**

When deciding a motion to dismiss for lack of personal jurisdiction, the court must consider

the evidence in the light most favorable to the non-moving party. *Schiavone v. Aveta*, 41 A.3d 861, 865 (Pa. Super. Ct. 2012) *aff'd*, 91 A.3d 1235 (Pa. Super. 2014) (citing *Gaboury v. Gaboury*, 988 A.2d 672, 675 (Pa. Super. 2009)). A state may exercise personal jurisdiction over a nonresident defendant based upon the specific acts of the defendant which gave rise to the cause of action or based on the defendant's general activity within the state. *Kubik v. Letteri*, 614 A.2d 1110, 1113 (Pa. 1992) (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 n.8 (1984)).

A court can exercise specific jurisdiction over claims brought against defendants who have minimum contacts with a transferor forum. *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014). "Specific jurisdiction . . . depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011) (internal quotation marks and citation omitted). Because due process may permit specific jurisdiction based solely on "single or occasional" acts purposefully directed at the forum, it is narrow in scope, limiting a cause of action to the extent that it "arises out of or relates to" the very activity that establishes jurisdiction. *See id.* at 2851, 2854; *Burger King*, 471 U.S. 462, 463 (1985).

## III.    ARGUMENT

### A.    Defendant Best Buy Stores Is Subject to This Court's Specific Jurisdiction

This Court can exercise specific jurisdiction over Best Buy Stores. "The act of operating brick-and-mortar stores alone is sufficient to establish that [defendant] has purposefully availed itself of the benefits and privileges of doing business within Commonwealth." *Middleton v. Trans Union, LLC.*, No. 20-CV-3756-JMY, 2021 WL 3674617, at *4 (E.D. Pa. Aug. 19, 2021). Best Buy Stores has readily admitted that it operates all Best Buy stores in Pennsylvania. (Olson Decl. ¶ 4.)

Best Buy Stores does not dispute that Plaintiff Frederick is a Pennsylvania resident, that he purchased, and later attempted to return or exchange, Best Buy merchandise in a Pennsylvania store operated by Best Buy Stores. Indeed, the Motion to Dismiss only argues that there is no basis for this Court to exercise specific jurisdiction over Best Buy Co. and Best Buy Purchasing, impliedly conceding that this Court *can* exercise specific jurisdiction over Best Buy Stores. (Motion, at 20.)

Nor can Best Buy Purchasing contend otherwise, as courts find little difficulty in asserting jurisdiction over non-resident retailers in circumstances such as these where plaintiff is a Pennsylvania resident suing on a claims related to a transaction that occurred at a Pennsylvania retail store. *See, e.g.*, *Middleton*, 2021 WL 3674617, at *4 (finding jurisdiction over non-resident retailer defendant who operated the retail store where the transaction relating to plaintiff's Fair Credit Reporting Act claim); *Taylor v. Fedra Int'l, Ltd.*, 2003 PA Super 233, ¶ 2, 828 A.2d 378, 380 (Pa. Super. 2003) (finding jurisdiction where a sale was placed by Pennsylvania resident with a non-resident defendant in person in Pennsylvania). The activity that took place giving rise to Plaintiff Frederick's injury all occurred in Pennsylvania at a retail outlet operated by Defendant Best Buy Stores. To the extent the Motion to Dismiss seeks dismissal of the Complaint against Best Buy Stores for lack of personal jurisdiction, it should be denied.

### B.      Defendant Best Buy Purchasing Is Subject to This Court's Specific Jurisdiction

Best Buy Purchasing argues that this Court cannot exercise personal jurisdiction over Best Buy Purchasing because Plaintiff Frederick did not and could not have purchased, returned, or exchanged any products with Best Buy Purchasing in Pennsylvania. (Motion, at 20.) However, that misconstrues the nature of the Plaintiff's injuries in this action. Plaintiff Frederick was not injured when he purchased a product from Best Buy, nor was he injured when he walked into the

Best Buy store to return or exchange his merchandise. Instead, Plaintiff was injured when the Best Buy salesperson transmitted his information to TRE, improperly profiling him and violating his privacy as a direct result of Best Buy Purchasing's contractual relationship with TRE. (Compl. ¶¶ 20-37.)

The central conduct in this case for all Retail Defendants, including those residing outside Pennsylvania, is their utilization of TRE's services to improperly profile their customers and unlawfully invade their customers' privacy (*id*.), conduct that is undeniably and intimately connected with the location of the individuals affected by those contracts. Whether Best Buy Purchasing is located outside Pennsylvania and does not actively do business or operate stores in Pennsylvania is of no moment. Best Buy Purchasing's actions in negotiating and entering into a contract with TRE that dictated the terms of the invasion of privacy perpetrated by TRE and Best Buy Retail directly affected Pennsylvania Plaintiff Frederick and proximately caused his injuries in Pennsylvania. This is precisely the type of situation "where the [forum-related] contacts proximately result from actions by the defendant [itself] that create a 'substantial connection' with the forum State." *Burger King*, 471 U.S. at 475 (internal citation omitted). Thus, even if their own corporate actions emanate from outside Pennsylvania, they have an undeniable effect within this forum and constitute purposeful availment. *Calder v. Jones*, 465 U.S. 783, 790 (1984); *Rogers v. Smith Volkswagen, LTD*, No. CV 19-2567, 2020 WL 1676400, at *5 (E.D. Pa. Apr. 6, 2020) (finding "the plaintiff's state of residence is the focal point of the harm suffered" for invasion of privacy, making the exercise of jurisdiction over a non-resident corporation invading the privacy of a Pennsylvania resident appropriate).

To hold otherwise would work a profound injustice on Plaintiff Frederick (and all other potential plaintiffs similarly situated). It defies logic that a "sister" corporation could engage in

contract negotiations for activities to be carried out by its stores in various states across the nation, but then argue that it is not affiliated with any of those activities. The Court should not allow Best Buy Purchasing to engage in this corporate shell game to avoid jurisdiction outside of its state of residence. This is exactly what the doctrine of specific jurisdiction is designed to prevent. "[W]here individuals 'purposefully derive benefit' from their interstate activities, it may well be unfair to allow them to escape having to account in other States for consequences that arise proximately from such activities; the Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed." *Burger King*, 471 U.S. at 473-74 (citation omitted).

Moreover, even if the Court accepts Best Buy Purchasing's argument—that by merely signing the contract with TRE it did not engage in direct activity within the Commonwealth of Pennsylvania—as sufficient to establish the Court's specific jurisdiction, Best Buy Purchasing is still subject to personal jurisdiction based on the agency relationship between Best Buy Purchasing and Best Buy Stores. In the absence of direct contacts between a foreign defendant and a forum, the Supreme Court in *Daimler* explained, "a corporation can purposefully avail itself of a forum by directing its agents or distributors to take action there." *Daimler*, 571 U.S. at 135 n.13 (citing *Asahi Metal Indus. Co. v. Superior Court of Cal., Solano Cty.*, 480 U.S. 102, 112 (1987)).

Here, the Best Buy PA Defendants have admitted that while Best Buy Purchasing does not conduct actual business in Pennsylvania, Best Buy Purchasing enters into contracts and makes purchases on behalf of Best Buy subsidiary companies, including Best Buy Stores. (Olson Decl., ¶ 8.) Thus, even though Best Buy Stores is not a signatory to the operative TRE contract, it is expected to carry out its terms, and is subject to its obligations, as an agent for Best Buy Purchasing. *See Schiavone*, 41 A.3d at 866 (agency relationship can create specific jurisdiction

over non-resident principal). On these bases, the Motion to Dismiss as it pertains to Best Buy

Purchasing should be denied.

## IV.      <u>**CONCLUSION**</u>

For the foregoing reasons, the Motion to Dismiss should be denied as to Best Buy PA

Defendants. To the extent that the Court is inclined to dismiss the Best Buy PA Defendants, Plaintiff

Frederick respectfully seeks leave to amend.


DATED: January 28, 2022                            Respectfully submitted,

*/s/ Andrew W. Ferich*
Andrew W. Ferich
aferich@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
310.474.9111 (*telephone*)
310.474.8585 (*facsimile*)

Tina Wolfson*
twolfson@ahdootwolfson.com
Theodore Maya*
tmaya@ahdootwolfson.com
Bradley K. King*
bking@ahdootwolfson.com
Christopher Stiner*
cstiner@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, California 91505
310.474.9111 (*telephone*)
310.474.8585 (*facsimile*)

Cornelius P. Dukelow*
Oklahoma Bar No. 19086
cdukelow@abingtonlaw.com
**ABINGTON COLE + ELLERY**
320 South Boston Avenue, Suite 1130
Tulsa, Oklahoma 74103
918.588.3400 (*telephone & facsimile*)

Benjamin F. Johns
BFJ@chimicles.com
**CHIMICLES SCHWARTZ KRINER &**
**DONALDSON-SMITH, LLP**
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
610.642.8500 (*telephone)*
610.649.3633 (*facsimile*)

\**pro hac vice* to be filed

*Counsel to Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

I, Andrew W. Ferich, hereby certify that this document was electronically filed and served using the Court's CM/ECF system on January 28, 2022.

/s/ *Andrew W. Ferich*
Andrew W. Ferich