# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM HANNUM, SEAN FREDERICK, OLGA MARYAMCHIK, VICTORIA CARUSO-DAVIS, SUSANA GUEVARA, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>     v.<br><br>THE RETAIL EQUATION, INC., APPRISS INC., ADVANCE AUTO PARTS, INC., ADVANCE STORES COMPANY, INCORPORATED, BEST BUY CO., INC., BEST BUY PURCHASING LLC, BEST BUY STORES, L.P., BUY BUY BABY, INC., CALERES, INC., BG RETAIL, LLC, and DICK'S SPORTING GOODS, INC.,<br><br>                Defendants. | Civil Action No. 2:21-CV-00997-CB |

## PLAINTIFF VICTORIA CARUSO-DAVIS' OPPOSITION TO DEFENDANTS CALERES, INC.'S AND BG RETAIL, LLC'S MOTION TO DISMISS CLASS ACTION COMPLAINT UNDER FED. R. CIV. 12(b)(1)

Plaintiff Victoria Caruso-Davis filed her Response to Non-Pennsylvania Defendants' Joint Motion to Dismiss (ECF No. 68) wherein she did not oppose the Motion to Dismiss filed by Defendants Caleres, Inc. and BG Retail, LLC for lack of personal jurisdiction. To the extent Plaintiff Caruso Davis's complaint against Defendants Caleres, Inc. and BG Retail, LLC is not dismissed on the unopposed jurisdictional grounds, she respectfully submits this memorandum in opposition to their individual motion to dismiss for lack of Article III standing (ECF No. 61; "Motion").

- 1 -

## I.    INTRODUCTION

The Motion focuses entirely on the fact that Plaintiff Victoria Caruso-Davis' return was accepted by Defendants Caleres, Inc. and BG Retail, LLC ("Defendants"). Defendants argue that the only applicable "losses of money or property" must be the money tied to Plaintiff's return and, since Defendants ultimately returned those funds to Plaintiff, she does not have Article III standing for her claims. Mot. at 5-10. Defendants ignore Plaintiff's well-pleaded allegations of cognizable losses independent of the monetary return transaction. In particular, (1) Defendants' use of the negative "risk score" generated by The Retail Equation, Inc. ("TRE") against Plaintiff supports Plaintiff's claim under the Fair Credit Reporting Act ("FCRA"), and is akin to a negative credit score against all future purchases; and (2) Plaintiff's previous overpayment for Defendants' services and subsequent overpayment for other services, either of which, standing alone, constitutes an injury-in-fact supporting Article III standing. Accordingly, the Motion should be denied in its entirety.

## II.    LEGAL STANDARD

Defendants' Motion presents a facial challenge to the Court's subject matter jurisdiction. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.3d 884, 891 (3d Cir. 1977)). In reviewing a facial attack, which addresses a deficiency in the pleadings, the court must only consider the allegations on the face of the complaint, taken as true, and any documents referenced in the complaint, viewed in the light most favorable to the plaintiff. *Id.*; *Turicentro, S.A. v. American Airlines, Inc.*, 303 F.3d 293, 300 (3d Cir. 2002).

## III.    ARGUMENT

### A.    Defendants' Application of TRE's "Risk Score" to Prohibit Plaintiff From Attempting Future Returns Provides Article III Standing.

While Defendants ultimately accepted Plaintiff's return, they admonished Plaintiff regarding purported fraudulent return activity and indicated that any future return attempts would

be rejected. Complaint ¶¶ 82-87 (ECF No. 1) ("Compl."). Defendants' use of TRE's negative "risk score," purportedly indicating to Defendants that a consumer is not trustworthy, violated the FCRA and is akin to a negative credit score that prevents future credit activity. In instances where credit scores are negatively impacted, courts have determined that such harm provides standing. "[M]any courts—including within this Circuit—have found that a lowered credit score constitutes an injury in fact for purposes of Article III standing." *Coulter v. Chase Bank USA, N.A.*, No. 18-cv-1538, 2020 WL 5820700, at *7 (E.D. Pa. Sept. 30, 2020) (finding standing for negatively impacted credit score; collecting case finding the same); *Hafez v. Equifax Info. Servs., LLC*, No. 20-cv-9019 (SDW) (LDW), 2021 WL 1589459, at *4 (D.N.J. Apr. 23, 2021) ("Plaintiff's alleged credit score drop . . . is sufficient to establish a concrete injury at the pleading stage."); *see also, e.g.*, *Long v. Se. Pennsylvania Transp. Auth.*, 903 F.3d 312, 323 (3d Cir. 2018) (quoting *Susinno v. Work Out World Inc.*, 862 F.3d 346, 348 (3d Cir. 2017) ("'[W]hen one sues under a statute alleging "the very injury the statute is intended to prevent," and the injury "has a close relationship to a harm traditionally providing a basis for a lawsuit in English or American courts," a concrete injury has been pleaded.'")); *id*. at 321 n.5 (approving holding in *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017), on remand from the Supreme Court, that "'inaccurate or arbitrary information in a credit report,'" in violation of the FCRA, constitutes injury-in-fact supporting Article III standing) (citation omitted). The negative impact on Plaintiff's ability to freely shop and return items at Defendants' stores, fear of a similar outcome at other retailers, and the associated "risk score" that effectively prohibits that future conduct, violate the FCRA and are sufficient to confer Article III standing.

> **B.      Plaintiff Also Has Standing as a Result of Overpaying for Defendants' and Competitors' Services.**

Defendants' argument that Plaintiff cannot maintain an action because it ultimately accepted her return in this instance also misconstrues the Article III statutory standing requirement. As Defendants concede, Plaintiff need only allege economic injury and causation. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

In addition to allegations that a defendant wrongfully possesses a plaintiff's money, economic injury also encompasses, for example, having overpaid the defendant and/or a third party due to the unfair conduct. *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 804 F.3d 633, 639-40 (3d Cir. 2015) (fraudulent behavior that leads to overpayment establishes a concrete injury); *In re Processed Egg Prod. Antitrust Litig.*, 851 F. Supp. 2d 867, 887 (E.D. Pa. 2012) ("the named Plaintiffs allegedly personally purchased eggs at artificially inflated prices—a monetary injury— which constitutes actual harm"); *D.R. Ward Const. Co. v. Rohm & Haas Co.*, 470 F. Supp. 2d 485, 492-93 (E.D. Pa. 2006) (overcharge on plastic additives resulted in plaintiffs paying inflated prices for end product).

Here, while Defendants may have returned the purchase price for Plaintiff's particular transaction alleged in the complaint, Plaintiff nonetheless has standing due to overpayments for previous, unreturned merchandise purchased from Defendants because Defendants—in concert with TRE—unfairly and unlawfully utilized those previous transactions to develop and ultimately implement the negative "risk score" to ban Plaintiff from making future returns. *See* Compl. ¶¶ 79-82. In addition, now that Defendants have prohibited Plaintiff from future returns at their stores, Plaintiff also has been and will continue to be subject to overpayment for purchases at competitor retailers who are likely to have higher pricing than Defendants, especially considering Defendants' "discount shopping" business model for brands that are less expensive than competitor stores.[1]

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied in its entirety. To the extent the Court is inclined to grant any aspect of the Motion, Plaintiff respectfully seeks leave to amend.

---

[1] If the Court deems it necessary, Plaintiff requests leave to amend to plead additional facts specific to the overpayments she has suffered as a result of Defendants' future return prohibition.

DATED: February 14, 2022

Respectfully submitted,

*/s/ Andrew W. Ferich.*
Andrew W. Ferich
aferich@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
310.474.9111 (*telephone*)
310.474.8585 (*facsimile*)

Tina Wolfson*
twolfson@ahdootwolfson.com
Theodore Maya*
tmaya@ahdootwolfson.com
Bradley K. King*
bking@ahdootwolfson.com
Christopher Stiner*
cstiner@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, California 91505
310.474.9111 (*telephone*)
310.474.8585 (*facsimile*)

Cornelius P. Dukelow*
Oklahoma Bar No. 19086
cdukelow@abingtonlaw.com
**ABINGTON COLE + ELLERY**
320 South Boston Avenue, Suite 1130
Tulsa, Oklahoma 74103
918.588.3400 (*telephone & facsimile*)

Benjamin F. Johns
BFJ@chimicles.com
**CHIMICLES SCHWARTZ KRINER &
DONALDSON-SMITH, LLP**
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
610.642.8500 (*telephone)*
610.649.3633 (*facsimile*)

**pro hac vice* to be filed

*Counsel to Plaintiffs and the Proposed Class*

- 6 -

## CERTIFICATE OF SERVICE

I, Andrew W. Ferich, hereby certify that this document was electronically filed and served using the Court's CM/ECF system on February 14, 2022.

/s/ *Andrew W. Ferich*
Andrew W. Ferich