# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM HANNUM, SEAN FREDERICK, OLGA MARYAMCHIK, VICTORIA CARUSO-DAVIS, SUSANA GUEVARA, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 2:21-cv-997 ) |
| THE RETAIL EQUATION, INC., APPRISS INC., ADVANCE AUTO PARTS, INC., ADVANCE STORES COMPANY, INCORPORATED, BEST BUY CO., INC., BEST BUY PURCHASING LLC, BEST BUY STORES, L.P., BUY BUY BABY, INC., CALERES, INC., BG RETAIL, LLC, and DICK'S SPORTING GOODS, INC., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## REPLY MEMORANDUM IN SUPPORT OF THE NON-PENNSYLVANIA DEFENDANTS' JOINT MOTION TO DISMISS

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................................................ 1

II.   ARGUMENT ............................................................................................................. 4

      A.    Best Buy Purchasing Is Not Subject To Specific Jurisdiction In Pennsylvania. .......... 4

          1.    Best Buy Purchasing did not "deliberately target" Pennsylvania. ....................... 5

          2.    Plaintiff Frederick's claims do not arise from or relate to Best Buy Purchasing's contacts with Pennsylvania. ................................................................................ 7

      B.    Plaintiff Frederick has not Alleged or Proven that Best Buy Stores, L.P. was Best Buy Purchasing LLC's Agent and thus its Contacts cannot be Imputed to Best Buy Purchasing LLC. ................................................................................................ 8

III.  The Dismissal of the Non-Pennsylvania Defendants should be with Prejudice, or Fees and Costs should be Awarded ....................................................................................... 11

IV.  CONCLUSION ....................................................................................................... 13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Britax Child Safety, Inc. v. Nuna Int'l B.V.*,
   321 F.Supp.3d 546 (E.D. Pa. 2018) ....................................................................................9

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ...........................................................................................................7

*Calder v. Jones,*
   465 U.S. 783 (1984) ...........................................................................................................6

*Citizens Sav. Ass'n v. Franciscus*,
   120 F.R.D. 22 (M.D. Pa. 1988) .........................................................................................12

*Daimler AG v. Bauman*,
   571 U.S. 117, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014) .................................................2, 12

*In re Enter. Rent-A-Car Wage & Hour Emp. Pracs. Litig.*,
   735 F. Supp. 2d 277 (W.D. Pa. 2010), *aff'd*, 683 F.3d 462 (3d Cir. 2012) ......................3

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011) ...............................................2, 12

*Hayden et al. v. The Retail Equation, Inc. et al.*,
   Case No. 8:20-cv-01203 (C.D. Cal.) ................................................................................11

*Kolman v. Kolman*,
   58 F.R.D. 632 (W.D. Pa. 1973) ........................................................................................11

*Lutz v. Rakuten, Inc.*,
   376 F.Supp.3d 455 (2019) .........................................................................................8, 9, 10

*Mallory v. Norfolk S. Ry. Co.*,
   No. 3 EAP 2021, --- A.3d ----, 2021 WL 6067172 (Pa. Dec. 22, 2021)
   (affirming *Mallory v. Norfolk Southern Ry. Co.*, No. 1961, 2018 WL
   11269775, at *1 (Pa.Com.Pl. Sept. 05, 2018), on transfer from *Mallory v.
   Norfolk S. Ry. Co.*, 241 A.3d 480 (Pa. Super. Ct. 2020)) ...........................................2, 4, 12

*Mallory v. Norfolk Southern Ry. Co.*,
   No. 1961, 2018 WL 3025283 (Pa.Com.Pl. May 30, 2018) ...............................................12

*Marten v. Godwin*,
   499 F.3d 290 (3d Cir. 2007) .......................................................................................2, 3, 5, 6

*O'Connor v. Sandy Lane Hotel Co.*,
    496 F.3d 312 (3d Cir. 2007)..............................................................................................5

*Rogers v. Smith Volkswagen, LTC*,
    No. CV 19-2567, 2020 WL 1676400, at *1 (E.D. Pa. Apr. 6, 2020) .......................................5

*Shulley v. Mileur*,
    115 F.R.D. 50 (M.D. Pa. 1987)........................................................................................12

*Value Drug Co. v. Takeda Pharms., U.S.A., Inc.*,
    No. CV 21-3500, 2021 WL 6200907 (E.D. Pa. Dec. 29, 2021) ................................................8

*Walden v. Fiore*,
    571 U.S. 277 (2014)................................................................................................ *passim*

*Ziencik v. Snap, Inc.*,
    No. CV 21-49, 2021 WL 4076997 (W.D. Pa. Sept. 8, 2021) (Bissoon, J.)..........................5, 6

## Other Authorities

Federal Rule of Evidence 209........................................................................................10

Rule 12(b)(2)................................................................................................................11

## I.   **INTRODUCTION**

Plaintiffs do not oppose the Non-Pennsylvania Defendants' Joint Motion to Dismiss (Dkt. 54) ("Joint Motion") as to Defendants Advance Auto Parts, Inc., Advance Stores Company, Incorporated, Best Buy Co., Inc., Buy Buy Baby, Inc., Caleres, Inc., and BG Retail, LLC. *See* Dkt. 68, Plaintiffs' Response ("Pls.' Resp.") at 1-2. The Complaint should therefore be dismissed in its entirety and with prejudice as to these Defendants.

Plaintiff Sean Frederick (Plaintiff") —the only Plaintiff who asserts claims against Best Buy—has not met his burden of establishing personal jurisdiction over Best Buy Purchasing LLC ("Best Buy Purchasing").[1] Years ago, the United States Supreme Court emphatically halted efforts to broaden specific personal jurisdiction over foreign defendants in the way Plaintiff attempts here:

> Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties. We have consistently rejected attempts to satisfy the defendant-focused "minimum contacts" inquiry by demonstrating contacts between plaintiff (or third parties) and the forum state.

*Walden v. Fiore*, 571 U.S. 277 (2014) (citations omitted). Instead of grappling with this concept, Plaintiffs' opposition improperly focuses on the contacts of other parties with Pennsylvania (including Plaintiff Frederick himself) rather than those of Best Buy Purchasing. The reason is plain. Best Buy Purchasing has no connections to Pennsylvania that would support personal jurisdiction, and thus it must be dismissed from the action.

---

[1] Three Best Buy Defendants were named in this case: (1) Best Buy Co., Inc., (2) Best Buy Stores, L.P., and (3) Best Buy Purchasing. Best Buy Stores, L.P. was inadvertently included as a movant (Dkt. 54) and does not contest that it is subject to this Court's personal jurisdiction. Therefore, the Court need only decide whether it may exercise personal jurisdiction over Best Buy Purchasing.

In the complaint, Plaintiffs only asserted personal jurisdiction based on the allegation that Defendants "are authorized to do business and regularly conduct business in Pennsylvania." *See* Dkt. 1, Complaint ("Compl.") ¶ 9. Yet in December 2021, the Supreme Court of Pennsylvania confirmed that the state's jurisdiction by registration statute is unconstitutional based upon the United States Supreme Court's decisions in *Daimler AG v. Bauman*, 571 U.S. 117, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014), and its predecessor *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011). *See Mallory v. Norfolk S. Ry. Co.*, No. 3 EAP 2021, --- A.3d ----, 2021 WL 6067172, at *21 (Pa. Dec. 22, 2021) (affirming *Mallory v. Norfolk Southern Ry. Co.*, No. 1961, 2018 WL 11269775, at *1 (Pa.Com.Pl. Sept. 05, 2018), on transfer from *Mallory v. Norfolk S. Ry. Co.*, 241 A.3d 480 (Pa. Super. Ct. 2020)).

*Mallory's* affirmance dismantled Plaintiffs' last hope for personal jurisdiction over the Non-Pennsylvania Defendants. Confronted with this reality, only the Pennsylvania Plaintiff Frederick filed an opposition to the Non-Pennsylvania Defendants' motion to dismiss. Plaintiff now argues that specific jurisdiction exists over Best Buy Purchasing because when Best Buy Purchasing contracted with TRE, it allowed another defendant's (Best Buy Stores L.P.'s) salespeople in Pennsylvania to transmit Plaintiff Frederick's information to TRE. *See* Pls.' Resp. at 5-6. In Plaintiff Frederick's words, "Best Buy Purchasing's actions…proximately caused his injuries in Pennsylvania" *Id*. at 6. This argument fails for two simple reasons:

*First*, Best Buy Purchasing did not "deliberately target" Pennsylvania—a threshold requirement for specific jurisdiction under the minimum contacts test. *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). At best, Plaintiff Frederick argues that when Best Buy Purchasing contracted with TRE it "directly affected Pennsylvania Plaintiff Frederick." *See* Pls.' Resp. at 6. But whether a defendant's conduct "directly affects" a plaintiff that resides in the forum is not the test – "deliberate targeting" is. *Id*. Because Plaintiff has neither alleged nor proven that Best

2

Buy Purchasing deliberately targeted Pennsylvania when it contracted with TRE, his argument fails.

*Second*, Plaintiff's claims do not relate to Best Buy Purchasing's contacts with Pennsylvania because Best Buy Purchasing *has no contacts with Pennsylvania*. To exercise specific jurisdiction over a defendant, a plaintiff's claim must relate to the *defendant's* contacts with the forum state. *Marten*, 499 F.3d at 296. Best Buy Purchasing is based in Minnesota. *See* Dkt. 54-4, Declaration of Hannah Olson ("Olson Decl.") Decl. ¶ 6. And while co-Defendant Best Buy Stores, L.P.'s operation of stores may create litigation-related contacts with Pennsylvania, Best Buy Purchasing does not have any such contacts. *See Walden*, 571 U.S. 277 ("For a State to exercise jurisdiction consistent with due process, that relationship must arise out of contacts the 'defendant *himself*' creates with the forum[.]" (emphasis in original)). Plaintiff has failed to show that his claims relate to any contacts Best Buy Purchasing has with Pennsylvania.

Without any other evidence or argument, Plaintiff argues for personal jurisdiction under a baseless claim of agency, namely, by attributing Best Buy Stores' Pennsylvania activities to Best Buy Purchasing. But the law is clear that such imputation is appropriate where, and *only where*, one entity controls the other in a manner "greater than normally associated with common ownership and directorship." *See In re Enter. Rent-A-Car Wage & Hour Emp. Pracs. Litig.*, 735 F. Supp. 2d 277, 318 (W.D. Pa. 2010), *aff'd*, 683 F.3d 462 (3d Cir. 2012). Plaintiff offers no evidence—because there is none—that Best Buy Purchasing exerts *any* control over Best Buy Stores, let alone enough "day-to-day" control to create an agency relationship for purposes of personal jurisdiction. *See id.* ("Plaintiffs must prove that the parent controls the day-to-day operations of the subsidiary such that the subsidiary can be said to be a mere department of the parent.").

In sum, Best Buy Purchasing's contacts with Pennsylvania are not sufficiently numerous, consistent, or related to this dispute to provide any basis for general or specific jurisdiction over Best Buy Purchasing.

## II.   ARGUMENT

### A.   Best Buy Purchasing Is Not Subject To Specific Jurisdiction In Pennsylvania.

In the Complaint, Plaintiffs allege that the Court has personal jurisdiction over "all Defendants because they are authorized to do business and regularly conduct business in Pennsylvania." *See* Compl. ¶ 9. However in December 2021, the Supreme Court of Pennsylvania's *Mallory* decision eviscerated Plaintiffs' only alleged basis for personal jurisdiction over the Non-Pennsylvania Defendants. *See* Dkt. 65, Notice of Supplemental Authority, Ex. A.[2] Forced to abandon that theory, Plaintiff Frederick now claims that specific personal jurisdiction exists over Best Buy Purchasing based on Best Buy Purchasing's minimum contacts with Pennsylvania. Specifically, Plaintiff argues that when Best Buy Purchasing contracted with TRE, it "dictated the terms of the invasion of privacy" which "directly affected Pennsylvania Plaintiff Frederick and proximately caused his injuries in Pennsylvania." *See* Pls.' Resp. at 6. According to Plaintiff, this is the only connection between a defendant's conduct and the forum state that is required to create specific jurisdiction. But Plaintiff is wrong, and his sudden switch in jurisdictional theories does not cure his failure to demonstrate a *prima facie* case for personal jurisdiction over Best Buy Purchasing.

---

[2] In their motion to dismiss, the Non-Pennsylvania Defendants argued that the Court could not exercise jurisdiction over them based solely on their registration in Pennsylvania. *See* Dkt. 54, Motion to Dismiss at 14. The Pennsylvania Supreme Court's *Mallory* decision was issued just five days later.

### 1.      Best Buy Purchasing did not "deliberately target" Pennsylvania.

To begin, the "purposeful availment" threshold for specific jurisdiction is not met because Best Buy Purchasing did not "deliberately target" Pennsylvania with its conduct. *Marten*, 499 F.3d at 296. "What is necessary [to establish purposeful availment] is [the defendant's] deliberate targeting of the forum." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). Here, the Complaint does not allege and Plaintiff's opposition has not shown that Best Buy Purchasing "deliberately targeted" Pennsylvania. Indeed, Plaintiff's response only claims that Best Buy Purchasing's actions "directly affected Pennsylvania Plaintiff Frederick." *See* Pls.' Resp. at 6. But the test is whether a defendant "deliberately targets" the forum state—not whether a defendant's actions "directly affect" a plaintiff in the forum state.

Moreover, while the Complaint alleges Best Buy has more than 1,000 retail locations in the United States, the declarations supporting the motion demonstrate they are operated by Best Buy Stores, L.P. *See* Compl. ¶ 12. Theoretically, Best Buy Purchasing's alleged conduct—contracting with TRE—could have impacted customer transactions at *any or none* of those locations. Such possibilities undermine Plaintiff's argument that Best Buy Purchasing "deliberately targeted" Pennsylvania when contracting with TRE. *See Ziencik v. Snap, Inc.*, No. CV 21-49, 2021 WL 4076997, at *4 (W.D. Pa. Sept. 8, 2021) (Bissoon, J.) (declining to exercise specific jurisdiction where "Defendant's alleged tortious conduct…could have occurred in any state").

The cases Plaintiffs cite in response to the Joint Motion are easily distinguished and do not supersede the Supreme Court's mandates. In *Rogers v. Smith Volkswagen, LTC*, defendant repeatedly reached into Pennsylvania to access plaintiff's credit report information and directed others to do so on its behalf. *Rogers*, No. CV 19-2567, 2020 WL 1676400, at *1 (E.D. Pa. Apr. 6, 2020). The invasion of privacy there occurred in Pennsylvania because the information was

accessed in Pennsylvania *by the defendant*. *Id*. at \*5. Also, and critically, "when Smith made the decision to access Rogers' credit report in Pennsylvania, *it was aware that Rogers was a Pennsylvania resident*." *Id*. (emphasis added). Here, in stark contrast, there is no evidence that Best Buy Purchasing reached into Pennsylvania once, let alone deliberately or on multiple occasions. Nor is there evidence that Best Buy Purchasing directly accessed Plaintiff's information, or directed others to access Plaintiff's information in Pennsylvania. And there is not a shred of proof that Best Buy Purchasing was aware that Plaintiff was a Pennsylvania resident when it contracted with TRE.

In *Calder v. Jones*, another case Plaintiffs cite, a California celebrity sued a Florida writer for publishing a libelous article in the National Enquirer. *Calder*, 465 U.S. 783 (1984). To determine whether personal jurisdiction existed over the nonresident defendant, rather than use the traditional minimum contacts test, the court employed a slightly different "effects" test. *Id*. Under this test, courts first ask whether a defendant "expressly aimed" its tortious conduct at the forum. *Id*. This requirement prevents a defendant from "be[ing] haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts…." *Marten*, 499 F.3d at 297 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). There, the court determined that the writer's actions were "expressly aimed at California…and they knew that the brunt of the injury would be felt by respondent in" California, "in which the magazine has its largest circulation." *Id*. at 783-84. Here, by contrast, Best Buy Purchasing did not "expressly aim" any suit-related conduct at Pennsylvania. To be sure, Plaintiff does not cite any facts (relying instead on pure attorney argument), and essentially argues that because he lives in and shopped at a Best Buy store in Pennsylvania, Best Buy Purchasing must have expressly aimed its conduct at Pennsylvania. But the Supreme Court rejected the same argument in *Walden*, 571 U.S. at 277. In that case, a Nevada citizen sought to hale a defendant into court in Nevada for injuries arising in

Georgia simply because the plaintiff was a citizen of Nevada. The Supreme Court rejected the exercise of personal jurisdiction, explaining that "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 290. Following *Walden*, Plaintiff cannot establish an "express aim" simply because the plaintiff himself resides and shops in Pennsylvania. Were the rule otherwise, Best Buy Purchasing could be haled into court anywhere Best Buy Stores, L.P. decided, unilaterally, to use TRE's services.

Under any test, Plaintiff has not and cannot establish that Best Buy Purchasing is subject to specific jurisdiction.

**2.**      <u>**Plaintiff Frederick's claims do not arise from or relate to Best Buy Purchasing's contacts with Pennsylvania.**</u>

Plaintiffs' response also fails to prove the "relatedness" required for specific jurisdiction. A plaintiff's claims must "arise out of or relate to" a defendant's forum contacts. *Burger King*, 471 U.S. at 472. The purpose of this requirement is to ensure that there is a meaningful connection between the claims at issue in the suit and the contacts that a defendant had with a particular forum. According to Plaintiff Frederick, his claims arise out of (i) Best Buy Purchasing contracting with TRE, and (ii) a Best Buy salesperson carrying out that contract by transmitting Plaintiff's information to TRE. *See* Pls.' Resp. at 6. But neither accusation relates to Best Buy Purchasing's contacts with Pennsylvania.

For one, if Best Buy Purchasing contracted with TRE, it was *in Minnesota*, where Best Buy Purchasing has its principal place of business and is headquartered, not in Pennsylvania. *See* Olson Decl. ¶ 6; *see also* Dkt. 54-1, Declaration of Mark Odegard ("Odegard Decl.") ¶¶ 1-4. Further, Best Buy Purchasing does not operate Best Buy stores, and certainly does not control any Best Buy salespersons. Olson Decl. ¶ 7 ("Best Buy Purchasing LLC provides a variety of corporate services…However, those services *do not include* the operation of the Best Buy

stores."). So Plaintiff's claim that a Best Buy salesperson in Pennsylvania wrongfully transmitted his private information has *nothing to do* with Best Buy Purchasing. The most Plaintiff can say is that his injuries would not have occurred if Best Buy Purchasing had not contracted with TRE. But this allegation only looks to Best Buy Purchasing's relationship with TRE—another defendant – in Minnesota. And "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *See Walden*, 571 U.S. at 286 ("For a State to exercise jurisdiction consistent with due process, that relationship must arise out of contacts the 'defendant *himself*' creates with the forum[.]" (emphasis in original)).

Plaintiff has not identified any suit-related contacts between Best Buy Purchasing and Pennsylvania. There are none.

**B.**     **Plaintiff Frederick has not Alleged or Proven that Best Buy Stores, L.P. was Best Buy Purchasing LLC's Agent and thus its Contacts cannot be Imputed to Best Buy Purchasing LLC.**

Plaintiff also strains to argue that Best Buy Purchasing is subject to personal jurisdiction based on an agency relationship between Best Buy Purchasing and Best Buy Stores. That argument must also be rejected.

First, any argument for agency-based jurisdiction must be rejected for the simple reason that it is not plead. In the Complaint, Plaintiffs only allege that "[t]his Court has personal jurisdiction over all Defendants because they are authorized to do business and regularly conduct business in Pennsylvania." *See* Compl. ¶9.  Plaintiff cannot now attempt to rely on an unplead theory through briefing. *See Value Drug Co. v. Takeda Pharms., U.S.A., Inc.*, No. CV 21-3500, 2021 WL 6200907, at *20 fn. 168 (E.D. Pa. Dec. 29, 2021) (declining to exercise personal jurisdiction where plaintiff did not plead agency theory); *see also Lutz v. Rakuten, Inc.*, 376 F.Supp.3d 455, 471 (2019) (same).

8

In addition to Plaintiff's complete failure to even allege an agency relationship between Best Buy Purchasing and Best Buy Stores, there is also zero evidence of an agency relationship between the two companies. In certain circumstances courts can exercise personal jurisdiction under an agency or alter-ego theory. "[I]f a subsidiary is 'merely the agent' of its parent corporation or the parent corporation 'controls' the subsidiary, 'then personal jurisdiction exists over the parent whenever personal jurisdiction (whether general or specific) exists over the subsidiary.'" *Lutz*, 376 F.Supp.3d at 470. "Ultimately, a plaintiff must show that a parent company is operating the 'day-to-day operations of the subsidiary such that the subsidiary can be said to be a mere department of the parent.'" *Britax Child Safety, Inc. v. Nuna Int'l B.V.*, 321 F.Supp.3d 546, 555 (E.D. Pa. 2018) (quoting *Oeschle v. Pro-Tech Power, Inc.*, No. 03-6875, 2006 WL 680908, at *5 (E.D. Pa. Mar. 15, 2006)). Thus, Plaintiff must establish that Best Buy Purchasing controls Best Buy Stores. It cannot.

Plaintiff cites just one fact to support its theory: that Best Buy Purchasing "enters into contracts and makes purchases on behalf of Best Buy subsidiary companies, including Best Buy Stores." *See* Pls.'s Resp. at 7. True, Best Buy Purchasing provides a variety of corporate services such as purchasing support and vendor contract management to its affiliated sister companies, including Best Buy Stores. *See* Olson Decl. ¶ 7. But this hardly shows that Best Buy Purchasing operates the "day-to-day operations" of or exerts any "control" over Best Buy Stores, much less the store operations out of which this claim arises. Indeed, Plaintiff's reference to "Best Buy subsidiary companies" glosses over the absence of any direct relationship between Best Buy Purchasing and Best Buy Stores, including that neither is a subsidiary of the other. To the contrary, Best Buy Purchasing is a subsidiary of Best Buy Enterprise Services, Inc., and Best

9

Buy Stores is a subsidiary of BBC Property Co.[3] And Best Buy Enterprise Services, Inc. and

BBC Property Co. are subsidiaries of Best Buy Co., Inc.

Moreover, any services Best Buy Purchasing provides to Best Buy Stores "do not include

the operation of the Best Buy stores" *See* Olson Decl. ¶ 7. And even if it were shown that Best

Buy Purchasing was an agent for Best Buy Stores in procuring its contract with TRE (i.e., in

Minnesota), that is the reverse of what Plaintiff must prove to establish specific jurisdiction over

Best Buy Purchasing in Pennsylvania. In sum, contracts like the one Best Buy Purchasing

entered with TRE do not evidence any control over Best Buy Stores and do not support specific

jurisdiction.

Plaintiff also claims that "even though Best Buy Stores is not a signatory to the operative

TRE contract, it is expected to carry out its terms, and is subject to its obligations, as an agent for

Best Buy Purchasing." *See* Pls.' Resp. at 7. Even if this unpled contention were true, this too

could not demonstrate the requisite control to prove Best Buy Stores acted as an agent for Best

Buy Purchasing. *Lutz* is illustrative. There, the court analyzed whether a parent company was

subject to specific jurisdiction under an agency theory where the court already held it had

specific jurisdiction over its subsidiary. The court held that it was not:

> At most, Rakuten and Rakuten Baseball use the same Rakuten logo for branding
> purposes; Rakuten owns all the shares of Rakuten Baseball…; and third, the Golden
> Eagles act as a marketing tool for the Rakuten brand. However, Rakuten is not
> involved in the operation of the Golden Eagles and does not make any baseball-
> related decisions. There is simply no evidence that Rakuten actually "controls" the
> day-to-day operations of Rakuten Baseball.

*Lutz*, 376 F.Supp.3d at 472. In this case, there is no parent subsidiary relationship, and even less

to support a finding of agency, much less control of day-to-day operations in Pennsylvania. Best

---

[3] See Best Buy Co., Inc. Form 10-K at Exhibit 21.1 for the fiscal year ended January 31, 2021 (the most recently filed Form 10-K), at https://d18rn0p25nwr6d.cloudfront.net/CIK-0000764478/7f2f273e-9cff-4b97-9f91-0150210498d9.pdf (last accessed Feb. 9, 2022), of which the Court is requested to take judicial notice pursuant to Federal Rule of Evidence 209.

Buy Purchasing provides limited services for Best Buy Stores. There is no evidence that Best Buy Purchasing directed Best Buy Stores to do *anything* in Pennsylvania, or controlled *any* of Best Buy Stores' operations. Indeed, it is undisputed that Best Buy Purchasing does not control Best Buy Stores' operations. Olson Decl. ¶ 7 ("Best Buy Purchasing LLC provides a variety of corporate services…However, those services *do not include* the operation of the Best Buy stores."). Without more, Plaintiff has failed to establish that Best Buy Purchasing is subject to specific jurisdiction.

### III.   THE DISMISSAL OF THE NON-PENNSYLVANIA DEFENDANTS SHOULD BE WITH PREJUDICE, OR FEES AND COSTS SHOULD BE AWARDED

Plaintiffs did not submit any points and authorities in opposition to the Joint Motion as to Defendants Advance Auto Parts, Inc., Advance Stores Company, Incorporated, Best Buy Co., Inc., Buy Buy Baby, Inc., Caleres, Inc., and BG Retail, LLC.[4] Dkt. 68 at 1-2. Instead, Plaintiffs tacitly admit to forum shopping, again, and attempt to obtain dismissal without prejudice to their refiling elsewhere. However, this will be the second time that Plaintiffs have dismissed their claims as to Defendants Advance Auto Parts, Inc., Best Buy Co., Inc., Buy Buy Baby, Inc., and Caleres, Inc. after being challenged on jurisdictional grounds – first in the California action and now here.[5] Plaintiffs have put these Defendants to the substantial burden and expense of defending multiple actions, including filing motions to dismiss in successive actions in which jurisdiction is plainly lacking. Under these circumstances, dismissal should be with prejudice unless Plaintiffs are ordered to pay the dismissed Defendants' fees and costs. *See Kolman v. Kolman*, 58 F.R.D. 632, 634 (W.D. Pa. 1973) (stating that where a defendant "has been put to the

---

[4] The Non-Pennsylvania Plaintiffs have not submitted any substantive opposition to the motion to dismiss The Retail Equation pursuant to Rule 12(b)(2) either. Dkt. 67.

[5] Plaintiffs filed identical claims in the action titled *Hayden et al. v. The Retail Equation, Inc. et al.*, Case No. 8:20-cv-01203 (C.D. Cal.). After a year of litigation and extensive briefing on personal jurisdiction and other issues, Plaintiffs dropped their claims in *Hayden* and filed the instant action.

expense of filing pleadings to defend the instant case" the court should "require plaintiff as a condition of voluntary dismissal without prejudice to pay defendants reasonable counsel fees").

In an attempt to justify their blatant forum shopping exercise, Plaintiffs mischaracterize the Pennsylvania Supreme Court's *Mallory* decision as a "recent change in precedent regarding the reach of personal jurisdiction in Pennsylvania." Dkt. 68 at 2. In fact, the Pennsylvania Supreme Court's 2021 *Mallory* decision simply affirmed the 2018 dismissal of that case based upon the United States Supreme Court's decisions in *Daimler* and *Goodyear* that "dramatically altered general jurisdiction analysis." *Mallory v. Norfolk Southern Ry. Co.*, No. 1961, 2018 WL 3025283, at *2 (Pa.Com.Pl. May 30, 2018) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 131 S.Ct. 2846 (2011), and *Daimler AG v. Bauman*, 134 S.Ct. 746, 755 (2014)). Thus, the "change of precedent" is not recent at all; it occurred at latest in 2014, years before the complaint was filed in California, and even longer before its refiling in Pennsylvania.

Awarding attorney's fees as a condition to voluntary dismissal without prejudice is common. *Shulley v. Mileur*, 115 F.R.D. 50, 52 (M.D. Pa. 1987) (citing *Pittsburgh Jaycees v. U.S. Jaycees*, 89 F.R.D. 454 (W.D.Pa.1981)). "The purpose of the awards [of costs and attorney's fees as a condition for dismissal] ... is to compensate the defendant for having incurred the expense of trial preparation without the benefit of a final determination of the controversy." *Id*. "While costs are not always required as a condition for a voluntary dismissal, it is usually considered necessary for the protection of the defendant." *Citizens Sav. Ass'n v. Franciscus*, 120 F.R.D. 22, 24–25 (M.D. Pa. 1988) (citations omitted).

Given that this is the second time Plaintiffs have opted to drop their claims after their forum-shopping activities have proven unsuccessful, dismissal should be *with prejudice*. But, if dismissal is without prejudice, Defendants should be given leave to file a motion to fix the fees and costs to be awarded and paid as a condition of the dismissal.

## IV.    CONCLUSION

For these reasons, the Complaint should be dismissed in its entirety and with prejudice as to all of the Non-Pennsylvania Defendants.

Dated: February 25, 2022

Respectfully submitted,

**BALLARD SPAHR LLP**

*/s/ Daniel JT McKenna*

Daniel JT McKenna
1735 Market Street, 51st Floor
Philadelphia, Pa 19103
Telephone: (215) 864-8321
Facsimile: (215) 864-9265
Email: mckennad@ballardspahr.com

*Counsel for Defendants, Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Stores, L.P.*

Dated: February 25, 2022

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Daniel T. Rockey*

Daniel T. Rockey (CA 178604)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111-4070
Telephone: (415) 675-3400
Facsimile: (415) 675-3434
Email: daniel.rockey@bclplaw.com

Colin P. Snider (MO 72137)
211 N. Broadway, Suite 3600
Saint Louis, Missouri 63102
Telephone: (314) 259-2316
Facsimile : (314) 259-2020
Email: colin.snider@bclplaw.com

*Counsel for Caleres, Inc. and BG Retail, LLC (admitted pro hac vice)*

13

Dated: February 25, 2022                    **MORGAN, LEWIS & BOCKIUS LLP**

                                            */s/ Joseph Duffy*

                                            Joseph Duffy, PA ID 87297
                                            300 South Grand Avenue Twenty-Second Floor
                                            Los Angeles, CA 90071-3132
                                            Telephone: +1.213.612.2500
                                            Facsimile: +1.213.612.2501
                                            joseph.duffy@morganlewis.com

                                            *Counsel for Defendants Advance Stores*
                                            *Company, Incorporated, Advance Auto Parts,*
                                            *Inc., and Buy Buy Baby, Inc.*

14