**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

WILLIAM HANNUM et al.,

       Plaintiffs,

       vs.

THE RETAIL EQUATION, INC. et al.,

       Defendants.

Case No. 2:21-cv-00997-CB

**REPLY OF CALERES, INC. AND BG RETAIL, LLC ON MOTION TO DISMISS
PLAINTIFF'S CLASS ACTION COMPLAINT
UNDER FED. R. CIV. P. 12(b)(1)**

## I.      INTRODUCTION

Caleres, Inc. and BG Retail, LLC ("Famous Footwear") moved to dismiss the complaint for lack of standing, explaining that Plaintiff Victoria Caruso-Davis, the only plaintiff to allege any interaction with Famous Footwear, does not allege that her return was denied and alleges no other cognizable harm. In her opposition, Caruso-Davis concedes that Famous Footwear processed her return and refunded her money, but contends that she was injured when Defendant, The Retail Equation ("TRE"), assigned her a "risk score" which, she contends, is "akin" to a credit score.[1] But Plaintiff fails to explain how *TRE's* assignment of a risk score establishes injury-in-fact *as to Famous Footwear* and, equally important, alleges no facts indicating that assignment of a risk score is akin to a credit score or had any present, non-speculative impact on her whatsoever.

Caruso-Davis also argues that she was injured by "overpayments for previous, unreturned merchandise purchased from Defendants," but she does not allege any prior purchases from Famous Footwear. Even if she had, she alleges no facts indicating that she received less than she bargained for and no factual basis to support an overpayment theory.

Finally, Caruso-Davis alleges she was injured by being "subject to overpayment for purchases at competitor retailers who are likely to have higher pricing than Defendants,"[2] but even putting aside the logical inconsistency in alleging that Famous Footwear's prices are both too high and too low, an allegation that she has to shop elsewhere for fear of being denied a potential future return is entirely speculative and, in any event, alleges no cognizable harm. As a result, her complaint must be dismissed.

---

[1] Plaintiff Victoria Caruso-Davis' Opposition to Defendants Caleres, Inc.'s and BG Retail, LLC's Motion to Dismiss Class Action Complaint Under Fed. R. Civ. 12(b)(1) ("Opposition" or "Opp."), p. 2; p. 3.

[2] *Id.*, p. 4.

II.    **LEGAL ANALYSIS**

A. **Caruso-Davis Alleges No Facts Showing that TRE's Assignment of a Risk Score Is Akin to a Diminished Credit Score or Resulted in Any Cognizable Harm**

Caruso-Davis concedes that, unlike all other plaintiffs in this case, her return at Famous Footwear was processed and that she received a full refund of her money. Opp., p, 2, 3. She contends that she nevertheless suffered a cognizable injury because TRE assigned her a "risk score." Opp., p. 3. She argues that this suffices to show standing because a TRE risk score is "akin" to a diminished credit score and courts have held that a diminished credit score is a cognizable harm. *Id.* In support of this argument, she cites to a number of decisions finding that the erroneous reporting of a diminished credit score may constitute an injury-in-fact. *Id.*

The first problem with this argument is that Caruso-Davis fails to explain how ***TRE's*** assignment of a risk score constitutes an injury-in-fact ***as to Famous Footwear***. In the absence of facts indicating that she was injured by Famous Footwear, she lacks standing as to it. *In re Valsartan, Losartan, and Irbesartan Products Liab. Litig.* (D.N.J., Jan. 12, 2021, No. MDL 2875 (RBK/JS)) 2021 WL 100204, at *13 ("[I]n order to establish standing in the class action context, for each named defendant, at least one named plaintiff must be able to allege an injury traceable to that defendant."); *In re Franklin Mut. Funds Fee Litig.*, 388 F. Supp. 2d 451, 461 (D.N.J. 2005), as amended (Sept. 22, 2005); *Haas v. Pittsburgh Nat. Bank*, 526 F.2d 1083, 1096 n.18 (3d Cir. 1975).

More substantively, Caruso-Davis alleges no facts indicating that a TRE risk score is "akin" to a diminished credit score in any way that is material to her claim. As the cases to which she cites make clear, it is not a diminished credit score in the abstract that establishes an injury-in-fact, it is the tangible impact of a diminished credit score on the plaintiff's ability to obtain credit on favorable terms. As explained in *Coulter v. Chase Bank USA, N.A.* (E.D. Pa., Sept. 30, 2020,

2

No. CV 18-1538) 2020 WL 5820700, cited by plaintiff, an "(allegedly inaccurate) credit score can, and does, harm consumers" because "[a] low credit score may have tangible, real-world consequences, making it more difficult for Plaintiffs to obtain credit cards, auto loans, and mortgages ...." *Id.*, at *7 (quoting *Adams v. Fifth Third Bank,* No. 16-218, 2017 WL 561336, at *3). *See also, Hafez v. Equifax Information Services, LLC* (D.N.J., Apr. 23, 2021, No. CV209019SDWLDW) 2021 WL 1589459, at *4 (allegation plaintiff's "housing application was rejected because of her 'unsatisfactory' credit history as reflected by Defendants' inaccurate reporting" sufficient). Here, Plaintiff alleges no impact from TRE's assignment of a risk score other than that she was "admonished" that future returns would be rejected. Opp., p. 2. She does not allege that she actually attempted another return and was rejected. As explained in Famous Footwear's motion, an allegation that *if* Caruso-Davis made a future purchase, and *if* she wished to return the purchased item, Famous Footwear *would* reject her return is entirely speculative and cannot support standing. Nor does she allege any other impact from TRE's assignment of a risk score. In the absence of facts showing that a TRE risk score had a tangible impact akin to those occasioned by a diminished credit score, Caruso-Davis alleges no concrete harm.[3]

### B. Plaintiff Fails to Allege Benefit of the Bargain Damages

Caruso-Davis also argues that "while Defendants may have returned the purchase price for Plaintiff's particular transaction alleged in the complaint, Plaintiff nonetheless has standing due to overpayments for previous, unreturned merchandise purchased from Defendants because Defendants—in concert with TRE—unfairly and unlawfully utilized those previous transactions

---

[3] Of course, an allegation of a diminished credit score is not an injury unless the reduction was the result of the defendant's error or wrongdoing. *See, e.g., Coulter*, 2020 WL 5820700, at *7 ("(allegedly inaccurate) credit score can, and does, harm consumers") (emphasis added); *Hafez*, 2021 WL 1589459, at *4 (credit history impacted "by Defendants' inaccurate reporting."). Here, Caruso-Davis does not allege that TRE erred in assigning her a risk score..

to develop and ultimately implement the negative "risk score" to ban Plaintiff from making future returns." Opp., p. 4. The first and most obvious problem with this argument is that Caruso-Davis ***does not allege any prior purchases*** from Famous Footwear and she may not amend the complaint through her opposition brief. *Andresen v. Pennsylvania* (M.D. Pa., Dec. 16, 2020, No. 1:20-CV-989) 2020 WL 9047088, at *4, *report and recommendation adopted* (M.D. Pa., Mar. 29, 2021, No. 1:20-CV-989) 2021 WL 1174499; *Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

Even if Plaintiff had actually alleged prior purchases, as Famous Footwear explained in its motion, conclusory allegations of overpayment do not suffice to establish injury. *In re Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Liability Litigation* (3d Cir. 2018) 903 F.3d 278, 288 ("[O]ur precedent requires the plaintiff to do more than simply pair a conclusory assertion of money lost with a request that a defendant pay up."). Plaintiff must allege facts establishing that she paid more than she otherwise would have as a result of defendant's misrepresentation or other wrongdoing and that increased payment must be reasonably ascertainable. *Id.*[4] Here, Caruso-Davis argues that she was harmed because Famous Footwear "unfairly and unlawfully utilized" prior transactions to develop a risk score, but she fails to explain how that led to an overpayment. She alleges no affirmative misrepresentation causing her to receive less than she bargained for or any conspiracy to increase prices

---

[4] The cases cited by Plaintiff are illustrative. *See In re Avandia Marketing, Sales Practices & Product Liability Litigation* (3d Cir. 2015) 804 F.3d 633, 640 (allegations that defendant fraudulently misrepresented the benefits of medication, causing plaintiffs to purchase more expensive name-brand drug, rather than generic version, satisfied injury-in-fact); *In re Processed Egg Products Antitrust Litigation* (E.D. Pa. 2012) 851 F.Supp.2d 867, 887 (allegation that plaintiffs paid artificially high prices due to defendants' price-fixing conspiracy satisfied injury=-in-fact requirement); *D.R. Ward Const. Co. v. Rohm and Haas Co.* (E.D. Pa. 2006) 470 F.Supp.2d 485, 493 (allegation that plaintiffs paid artificially high prices for products made with plastic additive which was focus of price-fixing conspiracy sufficient).

unlawfully. In the absence of facts connecting any alleged overpayment to alleged wrongdoing, Plaintiff can never establish her overpayment theory.

Finally, plaintiff alleges that she suffered injury by being "subject to overpayment for purchases at competitor retailers who are likely to have higher pricing than Defendants….." Opp., p. 4. Of course, the allegation that she is harmed by having to shop elsewhere because Famous Footwear has lower price is directly at odds with the argument that she paid too muich overpaid by shopping at Famous Footwear. But more substantively, Plaintiff alleges no purchases at competitors with higher prices, and even if she had, Plaintiff has not shown that Famous Footwear is prohibited from adopting a return policy she does not like. Plaintiff is free to continue shopping at Famous Footwear with knowledge of this policy, or shop elsewhere, but she would suffer no harm either way. *Johnson & Johnson*, 903 F.3d at 292; *Hesse v. Godiva Chocolatier, Inc*. (S.D.N.Y. 2020) 463 F.Supp.3d 453, 465 (future purchase with knowledge of objectionable practice precludes claim of injury); *Elkind v. Revlon Consumer Prods. Corp*., No. 14-cv-2484, 2015 WL 2344134, at *3 (E.D.N.Y. May 14, 2015) (plaintiff alleging misrepresentations cannot sue for future purchases as "there is no danger that they will again be deceived by them.").

## III.    CONCLUSION

Caruso-Davis concedes she received a full refund and has failed to allege facts showing that TRE's assignment of a risk score establishes injury-in-fact as to Famous Footwear or resulted in any tangible harm. As a result, her complaint must be dismissed for lack of standing and because she can allege no set of facts consistent with her theory of recovery to remedy these flaws, it should be dismissed with prejudice.

Dated:  March 14, 2022                    Respectfully submitted

                                          BRYAN CAVE LEIGHTON PAISNER LLP

                                          /s/ *Daniel T. Rockey*

                                          Daniel T. Rockey (CA 178604)
                                          Three Embarcadero Center, 7th Floor
                                          San Francisco, CA 94111-4070
                                          Telephone: (415) 675-3400
                                          Facsimile: (415) 675-3434
                                          Email: daniel.rockey@bclplaw.com

                                          Counsel for Caleres, Inc. and BG Retail, LLC

6

## CERTIFICATE OF SERVICE

I, Daniel T. Rockey, hereby certify that this document was electronically filed and served using the Court's CM/ECF system on March 14, 2022.

/s/ *Daniel T. Rockey*
Daniel T. Rockey