**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM HANNUM, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 21-997 |
| ) | Judge Cathy Bissoon |
| THE RETAIL EQUATION, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**I. MEMORANDUM**

The pending motions (Docs. 50, 54, 60, 61, 62) will be resolved as follows.

Given Non-PA Plaintiffs' Notice of Non-Opposition (Doc. 67), Defendant Retail Equation's Rule 12(b)(2) Motion to Dismiss (Doc. 50) will be granted. Accordingly, the claims of Plaintiffs William Hannum, Olga Maryamchik, Victoria Caruso-Davis and Susana Guevara against Defendant Retail Equation will be dismissed, without prejudice, for lack of personal jurisdiction.

Similarly, based on Plaintiffs' concession regarding personal jurisdiction (Doc. 68 at 1–2), Non-PA Defendants' Rule 12(b)(2) Motion to Dismiss (Doc. 54) will be granted to the extent it seeks dismissal of the Complaint as to Defendants Advance Auto Parts, Advance Store Company, Best Buy Co., Buy Buy Baby, Caleres and BG Retail.[1] As to Defendant Best Buy

---

[1] Non-PA Defendants seek dismissal "with prejudice" (Docs. 54 at 1; 77 at 11), whereas Plaintiffs request that dismissal should be "without prejudice to re-file the action in a different venue, and without waiv[er of] any future right to assert jurisdiction." (Doc. 68 at 2). The Court notes that while this dismissal "preclude[s] . . . relitigating the issue of personal jurisdiction in Pennsylvania," Plaintiffs may sue the dismissed Defendants in a forum where personal jurisdiction over them exists. Danziger & De Llano, LLP v. Morgan Verkamp LLC, 948 F.3d 124, 133 (3d Cir. 2020); *see* Grezak v. Ropes & Gray, LLP, 809 F. App'x 60, 63 n.9 (3d Cir. 2020) ("[W]e read the District Court's 'with prejudice' dismissal of the claims against the

Purchasing, Plaintiff Sean Frederick contends that "negotiating and entering into a contract" with Defendant Retail Equation sufficiently establishes the Court's specific jurisdiction. (Doc. 68 at 6.) But this contention blithely ignores the Court of Appeals for the Third Circuit's requirement of purposeful availment.[2] *See* <u>Shuker v. Smith & Nephew, PLC</u>, 885 F.3d 760, 780 (3d Cir. 2018) ("[W]hat is necessary is a deliberate targeting of the forum, . . . so efforts to exploit a national market that necessarily included Pennsylvania are insufficient . . . ."). Accordingly, claims of Plaintiff Frederick against Defendant Best Buy Purchasing also will be dismissed.[3]

There is no need for additional discovery before resolving the Motions to Compel Arbitration filed by Defendants Best Buy Stores[4] (Doc. 60) and Dick's Sporting Goods (Doc. 63), because, in their briefs in opposition (Docs. 71 & 73), Plaintiffs Frederick and Guevara raise no issues of fact.[5] Plaintiffs' arguments necessarily fail, however, because Defendants'

---

defendants over which it lacked personal jurisdiction as meaning that the dismissal is 'with prejudice' to [plaintiff's] ability to refile those claims in a court sitting in Pennsylvania.").

[2] Plaintiff Frederick's "agency" argument (Doc. 68 at 7–8) is equally unavailing. While it is true that, in some circumstances, the contacts of a resident corporation may be imputed to a nonresident defendant for purposes of establishing personal jurisdiction, none of those circumstances are present here. *See* <u>Lewis-Ugdah v. HBE Corp.</u>, No. CIV. A. 00-3884, 2000 WL 1780233, at *3 (E.D. Pa. Dec. 1, 2000) (explaining that under Pennsylvania law, contacts of a resident corporation will be attributed to the nonresident corporation when "(1) the independence of the two corporate entities has been disregarded; (2) the parent corporation exercises control over the subsidiary such that the two should be considered one company; or (3) the subsidiary performs important functions that otherwise the parent would have to perform on its own.").

[3] Because the Court lacks personal jurisdiction over Non-PA Defendants, Defendants Caleres and BG Retail's Rule 12(b)(1) Motion to Dismiss (Doc. 61) will be denied as moot.

[4] As regards Best Buy Co. and Best Buy Purchasing, the motion will be denied as moot based on the Court's determination that it does not have personal jurisdiction over them.

[5] Defendants appropriately moved under the summary judgment standard, with supporting declarations and exhibits. *See* <u>Robert D. Mabe, Inc. v. OptumRX</u>, 43 F.4th 307, 324 (3d Cir. 2022) (Rule 56 furnishes the correct standard "when the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity to establish on its face that the parties agreed to arbitrate . . . ."). But Plaintiffs did not counter with any record evidence, *e.g.*, affidavits or declarations, either suggesting that material issues of fact exist as to the underlying agreements, or challenging the facts asserted in Defendants' declarations. To be sure, Plaintiffs

unrefuted evidence reflects that Plaintiffs manifested assent to the underlying terms and conditions and, thus, to the arbitration provisions therein.[6] *See* Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir. 2009) ("Under Pennsylvania law, contract formation requires: (1) a mutual manifestation of an intention to be bound, (2) terms sufficiently definite to be enforced, and (3) consideration."); Schwartz v. Comcast Corp., 256 F. App'x 515, 519 (3d Cir. 2007) ("[U]nder state and federal rules [of evidence], evidence of the policy [reflecting that Defendant provided the underlying agreement to all new customers] does constitute proof of actual notice to [plaintiff]."); Simeone v. Simeone, 581 A.2d 162, 165–66 (Pa. 1990) ("Contracting parties are normally bound by their agreements, without regard to whether the terms thereof were read and fully understood and irrespective of whether the agreements embodied reasonable or good bargains.").

Next, the Court must determine "whether a concededly binding arbitration clause applies to a certain type of controversy[,]" Lamps Plus, Inc. v. Varela, 139 S. Ct. 1407, 1416–17 (2019), "unless the parties have reserved the issue for an arbitrator." Noye v. Johnson & Johnson Servs., Inc., 765 F. App'x 742, 748 (3d Cir. 2019) (citing Opalinski v. Robert Half Int'l Inc., 761 F.3d 326, 331 (3d Cir. 2014)).  Because Plaintiff Frederick's claims in this lawsuit are related to, and

---

did raise certain evidentiary objections (Docs. 72, 74, 75), but the Court summarily overrules those objections, based on the reasons stated by Defendants in their responses (Docs. 82, 84, 85), which are incorporated by reference herein.  Suffice to say, the Court is satisfied that the hearsay statements that Plaintiffs challenge are capable of being put into admissible form.  *See* FOP v. City of Camden, 842 F.3d 231, 238 n.14 (3d Cir. 2016) ("In this circuit, hearsay statements can be considered on a motion for summary judgment if they are capable of admission at trial."). Because the same cannot be said for the declaration of Plaintiffs' counsel (Doc. 76), the Court sustains Defendants' *unopposed* evidentiary objections. (Doc. 83.)

[6] Given the parties' concession that the laws at issue do not conflict, the Court will apply the substantive law of the forum state, *i.e.*, Pennsylvania. *See generally* Hammersmith v. TIG Ins. Co., 480 F.3d 220, 229–30 (3d Cir. 2007) (noting that a choice-of-law analysis is unnecessary if there is no conflict).

arise out of, purchases he made at Best Buy, for which he did receive or could have received points, the Court agrees with Defendant Best Buy Stores that those claims are within the scope of the arbitration clause. As to Plaintiff Guevara's claims against Defendant Dick's Sporting Goods—given the delegation clause—an arbitrator, in the first instance, should decide the question of arbitrability. *See* Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S. Ct. 524, 529 (2019) ("When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract.").

Accordingly, Plaintiff Frederick's claims against Defendant Best Buy Stores as well as Plaintiff Guevara's claims against Defendant Dick's Sporting Goods will be referred to arbitration. And their claims here will be stayed pending resolution of the arbitration proceedings. *See* 9 U.S.C. § 3 ([T]he court . . . upon being satisfied that the issue involved . . . is referable to arbitration . . . shall . . . stay the trial of the action until such arbitration has been had . . . .").

Consistent with the foregoing, the Court hereby enters the following:

## II. ORDER

It hereby is **ORDERED** that:

1. Defendant The Retail Equation Inc.'s Motion to Dismiss (**Doc. 50**) is **GRANTED**. The claims of Plaintiffs William Hannum, Olga Maryamchik, Victoria Caruso-Davis and Susana Guevara against The Retail Equation, Inc., are **DISMISSED WITHOUT PREJUDICE**.

2. Non-PA Defendants' Motion to Dismiss (**Doc. 54**) is **GRANTED**. The claims of Plaintiffs William Hannum, Sean Frederick**,** Olga Maryamchik, Victoria Caruso-Davis and Susana Guevara against Advance Auto Parts, Inc., Advance Stores Company,

Incorporated, Best Buy Co., Inc., Best Buy Purchasing LLC, Buy Buy Baby, Inc., Caleres, Inc. and BG Retail, LLC, are **DISMISSED WITHOUT PREJUDICE**.

3. To the extent that it is not moot, Best Buy Defendants' Motion to Compel Arbitration (**Doc. 60**) is **GRANTED**. Plaintiff Sean Frederick's Objections (**Doc. 72**) are **OVERRULED** and Best Buy Defendants' Objections (**Doc. 83**) are **SUSTAINED**. Plaintiff Sean Frederick is **ORDERED** to arbitrate his claims against Best Buy Stores, L.P. Further, said claims are **STAYED** pending completion of arbitration.

4. Defendants Caleres, Inc. and BG Retail, LLC's Motion to Dismiss (**Doc. 61**) is **DENIED AS MOOT**.

5. Defendant Dick's Sporting Goods, Inc.'s Motion to Compel Arbitration (**Doc. 62**) is **GRANTED**. Plaintiff Susana Guevara's Objections (**Docs. 74 & 75**) are **OVERRULED** and she is **ORDERED** to arbitrate her claims against Dick's Sporting Goods, Inc. Further, said claims are **STAYED** pending completion of arbitration.

6. For judicial economy, Plaintiff Sean Frederick's claims against Defendant The Retail Equation, Inc., also shall be **STAYED** pending resolution of the aforementioned arbitration proceedings.

7. The clerk shall mark this case **STATISTICALLY CLOSED**. The parties shall advise the Court of any arbitration award at which time the Court will consider whether the matter should be reopened.

              **IT IS SO ORDERED**.

September 13, 2022                                        s/Cathy Bissoon
                                                                            Cathy Bissoon
                                                                            United States District Judge

cc (via ECF email notification):
All Counsel of Record